[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#114)
I. Facts
The plaintiff, Victor L. Zigmund, Jr., is a patient at the Whiting Forensic Division of the Connecticut Valley Hospital in Middletown, Connecticut (Whiting). He brought this pro se action by complaint filed February 23, 1999 against a number of Whiting employees in their official and individual capacities.[1] The complaint consists of six counts.
Count one alleges a violation of the patients' bill of rights, General Statutes § 17a-541.[2] Count two alleges a violation of the patients bill of rights, General Statutes § 17a-542.[3]
Count three alleges a violation of Article First, § 10 of the Connecticut Constitution.[4] Count four alleges a violation of Article First, § 14 of the Connecticut Constitution.[5] Count five alleges a due process violation of the Fourteenth Amendment to the United States Constitution. Lastly, count six alleges that the defendants have chilled the plaintiff's exercise of his right of access to the courts and right to petition the government for the redress of grievances under the First Amendment to the United States Constitution and that the defendants have punished him for exercising these rights.
In his prayer for relief, the plaintiff requests the following: a temporary and permanent injunction that the defendants cease and desist from engaging in actions which punish him for exercising his right of access to the courts or interfere with the exercise of such rights; damages pursuant to General Statutes § 17a-550[6] and 42 U.S.C 1983[7] for the deprivation of his civil rights; and a declaratory judgment holding that the defendants violated his civil rights.
On July 22, 1999, the defendants filed a motion to dismiss portions of the plaintiff's complaint. The motion to dismiss was granted by the court, Arena, J., on November 23, 1999. With respect to counts one through six, to the extent the plaintiff sought money damages under § 17a-550 from the defendants in their individual capacities, the court dismissed the plaintiff's claims. With respect to counts five and six, to the extent the plaintiff sought damages against the defendants in their official capacities under § 1983, the court dismissed the plaintiff's claims. CT Page 5085-h
Thus, in regards to counts one through six, the plaintiff's claims for damages and injunctive relief under § 17a-550 against the defendants in their official capacities remain.[8] Also, with respect to counts three and four, the plaintiff's claims for declaratory and injunctive relief remain.[9] Furthermore, counts five and six retain claims for damages under § 1983 against the defendants in their individual capacities as well as claims for declaratory and injunctive relief against the defendants in their official capacities.
The defendants now move to strike the remaining claims under counts one through six. The plaintiff has failed to file a brief in opposition.
II. Standard
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Bhinder v. Sun Company, Inc., 246 Conn. 223, 226,717 A.2d 202 (1998).
III. Discussion
A. Section 17a-550 claims for relief under counts one through six
The defendants move to strike the plaintiff's claims for damages and injunctive relief under § 17a-550 against the defendants in their official capacities on the ground that under § 17a-550 acts of mere negligence do not provide a basis for such an action.
An action for a violation of § 17a-540 through § 17a-550 "does not sound in negligence." Pfadt v. Greater Bridgeport Comm. Ment.CT Page 5085-iHlth. C., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326263 (February 26, 1996, Levin, J.). In order to state a cause of action under § 17a-541 and § 17a-542, the allegations must "rise above negligence." Mahoney v. Lensink,213 Conn. 548, 572, 569 A.2d 518 (1990).[10]
The plaintiff makes the following relevant allegations in his complaint, which form the basis for counts one through six. The defendants held a disciplinary/level review conference concerning the plaintiff. Neither the plaintiff nor his patient advocate were informed of this meeting.
A Whiting resident may obtain a level review rating from one through four. This rating is determined based upon behavioral factors and the amount of activities a resident participates in. At the meeting, the defendants reduced the plaintiff from a rating of two to a rating of one, which resulted in the plaintiff no longer being able to participate in certain voluntary activities available at Whiting.
The plaintiff was later informed that his rating was reduced because he was disrupting the therapeutic environment at Whiting by writing grievances and complaints concerning the staff at Whiting. The plaintiff further alleges that the defendants' conduct was "willful, wanton and reckless" as well as "intentional, arbitrary and punitive."
The plaintiff generally alleges that the actions of the defendants were "willful, wanton and reckless" as well as "intentional, arbitrary and punitive." Nevertheless, he has failed to allege any actions on behalf of the defendants that rise above allegations of mere negligence. "In making a claim for willful or malicious conduct, the plaintiff must do more than merely incorporate those words into the complaint. . . . The complaint must make a specific allegation setting out the conduct that is claimed to be reckless or malicious. . . ." (Citation omitted; internal quotation marks omitted.) Sidarweck v. Quaezar,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345429 (November 26, 1997, Skolnick, J.).
Whiting is a maximum security facility that renders treatment to patients with psychiatric disabilities who are considered dangerous to themselves or others. See General Statutes § 17a-561. The plaintiff is a patient acquittee at Whiting who CT Page 5085-j admitted to committing criminal acts, but was adjudicated not guilty of criminal charges because he was found not to have the capacity, as a result of mental disease or defect, either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law. See General Statutes § 53a-13 (a). Typically, the courts have granted broad discretion to health care professionals regarding the appropriate treatment plans for patients at facilities such as Whiting. See Mahoney v.Lensink, supra, 213 Conn. 566-67. In light of this, the allegations fail to demonstrate that the defendants' actions rise above negligence. Accordingly, the plaintiff's claims for damages and injunctive relief under § 17a-550 against the defendants in their official capacities in counts one through six are stricken.
B. Claims for relief under counts three and four
The defendants argue that the plaintiff's claims for declaratory and injunctive relief under counts three and four should be stricken because the plaintiff fails to allege state constitutional claims as a matter of law.
Article First, § 10 of the Connecticut Constitution protects an individual's access to state courts. "[T]he right to redress in the courts . . . does not attach unless one suffers a recognized injury." Gentile v. Altermatt, 169 Conn. 267, 284, 363 A.2d 1
(1975). In the present matter, the plaintiff has failed to allege that his access to the courts has been limited in any manner.
Article First, § 14 of the Connecticut Constitution protects an individual's right to assemble and to seek the redress of grievances from the government by petition, address or remonstrance. The plaintiff has failed to allege that his right to assemble or to seek redress of his grievances to the government has been inhibited. Indeed, the plaintiff has two other lawsuits, of which the court is aware, pending in this judicial district. Accordingly, to the extent that the plaintiff seeks declaratory and injunctive relief against the defendants in their official capacities under counts three and four, the claims are stricken.
C. Claims for relief under counts five and six
The defendants argue that the plaintiff's claims for damages against the defendants in their individual capacities under CT Page 5085-k § 1983 and the plaintiff's claims for declaratory and injunctive relief against the defendants in their official capacities, in counts five and six, should be stricken because the plaintiff has failed to allege sufficient facts to sustain these claims.
Section 1983 "provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 149
(2d Cir. 1999). Count five alleges a due process violation of theFourteenth Amendment to the United States Constitution. Acts of mere negligence, however, do not violate an individual's rights under the due process clause of the United States Constitution. See Davidson v. Cannon, 474 U.S. 344, 347, 88 L.Ed.2d 677,106 S.Ct. 668 (1986). As the plaintiff's allegations do not rise above negligence, count five is legally insufficient.
Count six alleges that the defendants have chilled the plaintiffs exercise of his First Amendment rights and, further, have retaliated against him for exercising his First Amendment rights. For a claim of retaliation for the exercise ofFirst Amendment rights, a plaintiff must allege retaliatory intent. SeeGreenwich Citizens Comm. v. Counties of Warren, 77 F.3d 26, 30-32
(2d Cir. 1996). Furthermore, "[t]he existence of a chilling effect, even in the area of First Amendment rights, has never been considered a sufficient basis" for such an action. Id.
Given the broad discretion vested in health care professionals at facilities such as Whiting, the court cannot infer any retaliatory intent on behalf of the defendants. Accordingly, count six is legally insufficient. Consequently, the plaintiff's claims for damages against the defendants in their individual capacities under § 1983 and claims for declaratory and injunctive relief against the defendants in their official capacities in counts five and six, are stricken.
IV. Conclusion
For the reasons herein stated, the defendants motion to strike is granted and the complaint, as a whole, is stricken.
It is so ordered.
By the court CT Page 5085-l
Gordon, J.